# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**HAHSHIM SAUNDERS,**

        **Plaintiff,**

**v.**                                          **Case No: 6:16-cv-1865-Orl-22GJK**

**COMMERCIAL COMPANIES, INC.,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT (Doc. No. 18)
>
> **FILED:** March 27, 2017
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part** and **DENIED in part**.

### I. FACTUAL BACKGROUND

On October 26, 2016, Plaintiff filed a complaint (the "Complaint") against Defendant. Doc. No. 1. Count I alleges unpaid overtime in violation of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. *Id.* at 5. Count II is for recovery of minimum wages for Plaintiff's final work week. *Id.* at 6; Doc. No. 18 at 1. On January 23, 2017, Plaintiff filed answers to the Court's interrogatories. Doc. No. 15. In the answers, Plaintiff claims $5,220 in damages for unpaid

overtime.[1] *Id.* at 4. Plaintiff also claims an equal amount in liquidated damages. *Id.* On March 27, 2017, the parties filed their Joint Motion to Approve Settlement Agreement (the "Motion"). Doc. No. 18. In the Motion, the parties represent that they have reached a settlement with respect to all claims. *Id.* at 4. Accordingly, the parties request the Court approve their attached settlement agreement (the "Agreement") and issue an order dismissing Plaintiff's claims with prejudice. *Id.* at 5. The matter has been referred to the undersigned for a report and recommendation. Doc. No. 9.

## II.     APPLICABLE LAW

In *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final and enforceable:

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.* Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If the settlement

---

[1] In Plaintiff's answers to the Court's interrogatories, Plaintiff also claims $378 in unpaid minimum wages. Doc. No. 15 at 4. However, the parties agree that Plaintiff is currently in possession of his final paycheck for $378. Doc. No. 18 at 2. This check represents Plaintiff's wages for hours worked during his last week of employment. *Id.* at 2-3. Plaintiff acknowledges that possession of his final paycheck moots Count II. *Id.* at 3, 4.

reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007), *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In FLSA cases, the Eleventh Circuit has questioned the validity of contingency fee agreements. *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (citing *Skidmore v. John J. Casale, Inc.*, 160 F.2d 527, 531 (2d Cir. 1947) ("We have considerable doubt as to the validity of the contingent fee agreement; for it may well be that Congress intended that an employee's recovery should be net[.]")). In *Silva*, the Eleventh Circuit held:

> That Silva and Zidell entered into a contingency contract to establish Zidell's compensation if Silva prevailed on the FLSA claim is of little moment in the context of FLSA. FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

> agreement. FLSA provides for reasonable attorney's fees; the parties cannot contract in derogation of FLSA's provisions. *See Lynn's Food*, 679 F.2d at 1352 ("FLSA rights cannot be abridged by contract or otherwise waived.") (quotation and citation omitted). To turn a blind eye to an agreed upon contingency fee in an amount greater than the amount determined to be reasonable after judicial scrutiny runs counter to FLSA's provisions for compensating the wronged employee. *See United Slate, Tile & Composition Roofers v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 504 (6th Cir. 1984) ("the determination of a reasonable fee is to be conducted by the district court regardless of any contract between plaintiff and plaintiff's counsel"); *See also Zegers v. Countrywide Mortg. Ventures, LLC*, 569 F. Supp. 2d 1259 (M.D. Fla. 2008).

*Id.* at 351-52.[3] For the Court to determine whether the proposed settlement is reasonable, plaintiff's counsel must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorney's fees, costs, or expenses pursuant to a contract between the plaintiff and counsel, or otherwise. *Id.* When a plaintiff receives less than a full recovery, any payment from plaintiff's recovery above a reasonable fee improperly detracts from the plaintiff's recovery.[4] Thus, a potential conflict can arise between counsel and their client regarding how much of the plaintiff's total recovery should be allocated to attorney's fees and costs.[5] It is the Court's responsibility to ensure that any such allocation is reasonable. *Id.* As the Court interprets the *Lynn's Food Stores, Inc.* and *Silva* cases, where there is a compromise of the amount due to the plaintiff, the Court should decide the reasonableness of the attorney's fees provision under the parties' settlement agreement using the lodestar method as a guide. In such a case, any compensation for attorney's fees beyond that justified by the lodestar method is unreasonable unless exceptional circumstances would justify such an award.

---

[3] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

[4] From a purely economic standpoint, a defendant is largely indifferent as to how its settlement proceeds are divided as between a plaintiff and his or her counsel. Where a plaintiff is receiving less than full compensation, payment of fees necessarily reduces the plaintiff's potential recovery.

[5] This potential conflict is exacerbated in cases where the defendant makes a lump sum offer which is less than full compensation, because any allocation between fees and the client's recovery could become somewhat arbitrary.

An alternate means of demonstrating the reasonableness of attorney fees and costs was set forth in *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222 (M.D. Fla. 2009). In *Bonetti*, the Honorable Gregory A. Presnell held:

> In sum, if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) <u>represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.</u>

*Id.* at 1228 (emphasis added). Judge Presnell maintained that if the matter of attorney fees is "addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement." *Id.* The undersigned finds this reasoning persuasive.

### III. ANALYSIS

#### A. Settlement Amount

As stated above, Plaintiff claims $5,220 in damages for unpaid overtime and an equal amount in liquidated damages. Doc. No. 15 at 4. In the Agreement, Plaintiff will receive $2,200, comprised of $1,100 for unpaid overtime and $1,100 for liquidated damages. Doc. No. 18 at 7. Since Plaintiff is receiving less than the amount he claimed, Plaintiff has compromised his claims under the FLSA. *See Caseres v. Texas de Brazil (Orlando) Corp.*, 6:13-cv-1001-Orl-37KRS, 2014 WL 12617465, at *2 (M.D. Fla. April. 2, 2014) ("Because [plaintiff] will receive under the settlement agreement less than she averred she was owed under the FLSA, she has compromised her claim within the meaning of *Lynn's Food Stores*").

The case involves a number of disputed issues regarding FLSA liability, which constitutes a bona fide dispute. Doc. No. 18 at 2-3. After exchanging time records, payroll records, and employment policies, the parties decided to settle their dispute in order to avoid the additional time, risks, expense, and uncertainty of protracted litigation. *Id.* at 3. The parties' settlement was reached after the parties were fully informed of the strength and weaknesses of their respective positions. *Id.* Considering the foregoing, and the strong presumption favoring settlement, the undersigned finds the settlement amount to be fair and reasonable.

### B. Waiver of Future Employment

The Agreement contains a waiver of future employment clause in which Plaintiff agrees not to apply for employment with Defendant or any of the released parties. Doc. No. 18 at 9. The undersigned finds that future employment waivers are different from general releases, in that Plaintiff, as a former employee of Defendant, knows exactly what he is relinquishing when he agrees not to seek future employment with Defendant and the released parties. After reviewing the Agreement, the undersigned finds no indication that the future employment waiver undermines the fairness of the Agreement. Accordingly, the undersigned finds the waiver of future employment provision to be fair and reasonable.

### C. General Release and Non-Disparagement Provision

The Agreement contains a broad general release provision. Doc. No. 18 at 8. In the general release, Plaintiff agrees to release Defendant and other released parties from "all rights and claims to date of every nature and description, both known and unknown…" *Id.* The Agreement also contains a non-disparagement provision. *Id.* at 10. In it, Plaintiff agrees "that he will not make any defamatory remarks, either orally or in writing, about [Defendant], its products, or the [released parties] to any persons whatsoever." *Id.*

Courts within this District have questioned the propriety of such provisions when evaluating the fairness and reasonableness of FLSA settlements. With regard to general releases, U.S. District Judge Steven D. Merryday explained:

> An employee seeking to vindicate his FLSA rights often desperately needs his wages, and both the employee and the employer want promptly to resolve the matter. In a claim for unpaid wages, each party estimates the number of hours worked and the plaintiff's wage (i.e., establishes a range of recovery), and the court evaluates the relative strength of the parties' legal argument asserted in the particular case. However, in an FLSA action, neither party typically attempts to value the claims not asserted by the pleadings but within the scope of a pervasive release – that is, those "known and unknown," or "past, present, and future," or "statutory or common law," or other claims included among the boiler plate, but encompassing, terms unfailingly folded into the typical general release. Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate.

*Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1351-52 (M.D. Fla. 2010). *See also Weldon v. Backwoods Steakhouse, Inc.*, No. 6:14-cv-79-Orl-37TBS, 2014 WL 4385593, at *4 (M.D. Fla. Sept. 4, 2014) (noting that non-disparagement clauses are generally rejected in FLSA settlement agreements and citing authority). Nevertheless, courts have approved such provisions when separate consideration is given. *See Middleton v. Sonic Brands L.L.C.*, Case No. 6:13-cv-386-Orl-28KRS, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (approving a settlement agreement providing $100 as separate consideration for a general release); *Bright v. Mental Health Resource Center,* No. 3:10–cv–427–J–37TEM, 2012 WL 868804, at *5 (M.D. Fla. Mar. 14, 2012) (approving the settlement agreement as to one employee who signed a general release in exchange for the employer foregoing its counterclaims against her); *Caamal v. Shelter Mortg. Co., LLC*, Case No. 6:13-cv-706-Orl-36KRS, 2013 WL 5421955, at *4 (M.D. Fla. Sept. 26, 2013) (approving FLSA settlement providing $500 as separate consideration for a non-disparagement clause).

With regard to the general release, the Agreement clearly states that consideration was given for the general release provision. Doc. No. 18 at 7. In exchange for the general release provision, Plaintiff is to receive $500. *Id.* As mentioned above, courts within this District have approved these provisions when Plaintiff has been provided separate consideration. *See Middleton*, 2013 WL 4854767 at *3. The parties represent that the general release and consideration for it were negotiated separately from Plaintiff's FLSA claims and do not deprive him of any wages claimed. Doc. No. 18 at 4. Accordingly, the undersigned finds the general release to be fair and reasonable.

With regard to the non-disparagement provision, the Agreement is not clear whether separate consideration was given for the provision. Paragraph three of the Agreement states:

> [Plaintiff] further acknowledges and agrees that the payment made pursuant to Paragraph 2(c) represents sufficient consideration for the [general release], the wavier of future employment, and other agreements by [Plaintiff] as set forth in [the Agreement].

Doc. No. 18 at 7. Thus, paragraph three states that the $500 given in paragraph 2(c) is adequate consideration for the general release, waiver of future employment, and all other terms of the Agreement. *Id.* However, paragraph 2(c) clearly states that the $500 addressed therein is consideration solely for the general release:

> Five Hundred and 00/100 Dollars ($500.00) payable to [Plaintiff]…<u>representing consideration paid in exchange for the general release given by [Plaintiff] in [the Agreement]</u>…

*Id.* (emphasis added). Furthermore, the Motion contains no justification as to why the non-disparagement provision is included in the Agreement. *Id.* at 1-5.

Based on the foregoing, the undersigned finds that the parties have not provided sufficient evidence showing that the non-disparagement provision is fair and reasonable. *Id.* at 8, 10. Thus,

the undersigned finds the non-disparagement provision is unenforceable. *Id.* at 10. Such a defect does not preclude approval of the Agreement. The Agreement contains a severability clause:

> **Severability**. In the event that an individual provision of [the Agreement] is found to be legally unenforceable, such provision shall be severed from the [Agreement], leaving the remainder intact and binding on all parties.

Doc. No. 18 at 11. Thus, terms in the Agreement may be severed without affecting the enforceability of the balance of the Agreement. Pursuant to the severability clause, the Court may strike the non-disparagement provision without impacting the enforceability of the remainder of the Agreement. *Id.* Accordingly, the undersigned recommends that the Court strike the non-disparagement provision as invalid and unenforceable.

### D. Attorneys' Fees

Under the Agreement, Plaintiff's counsel will receive $2,800 in attorneys' fees. Doc. No. 18 at 7. The parties represent that attorneys' fees and costs were negotiated separately from Plaintiff's recovery. *Id.* at 4. Such a representation adequately establishes that the issue of attorney's fees and costs was agreed upon without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, the undersigned finds the Agreement's attorneys' fee provision to be fair and reasonable.

### IV. CONCLUSION

Accordingly, it is **RECOMMENDED** that the Court **GRANT in part** and **DENY in part** the Motion (Doc. No. 18 at 1-5) as follows:

1) The Court should **STRIKE** the non-disparagement provision (Doc. No. 18 at 10, ¶ 7d, first sentence) from the Agreement; and

2) The Motion (Doc. No. 18 at 1-5) should be **GRANTED** to the extent that the Court finds the Agreement (Doc. No. 18 at 6-11), with the modifications set

forth above, to be a fair and reasonable compromise of Plaintiff's FLSA claims; and

3) The Court should **DISMISS** the case with prejudice; and

4) Otherwise, the Motion should be **DENIED**.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. In order to expedite the final disposition of this matter, if the parties have no objections to this report and recommendation, they may promptly file a joint notice of no objection.

Recommended in Orlando, Florida on April 17, 2017.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy